**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JESSE DEAN REDFEARN,

Petitioner - Appellant,

v.

WILLIAM CHRIS RANKINS,
acting Warden,*

Respondent - Appellee.

No. 22-6061
(D.C. No. 5:21-CV-00999-J)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY**

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Jesse Dean Redfearn, an Oklahoma prisoner, seeks a certificate of appealability

(COA) to appeal the district court's denial of his petition under 28 U.S.C. § 2254. We

deny a COA and dismiss this matter.

### BACKGROUND

A jury convicted Mr. Redfearn of first-degree rape and kidnapping. The state

district court sentenced him to life imprisonment on each count. The victim, T.A., did

---

* Pursuant to Fed. R. App. P. 43(c)(2) Scott Crow was replaced by William Chris
Rankins as Acting Warden.

** This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not appear at Mr. Redfearn's trial to testify, but, over Mr. Redfearn's objection, the trial court admitted the transcript of her earlier testimony at the preliminary hearing.

On appeal before the Oklahoma Court of Criminal Appeals (OCCA), Mr. Redfearn argued that the admission of T.A.'s preliminary hearing testimony violated his Sixth Amendment right to confrontation and that the evidence was insufficient to sustain the convictions. The OCCA rejected these arguments and affirmed his convictions and sentences. Mr. Redfearn petitioned for habeas corpus under 28 U.S.C. § 2254. Adopting the recommendation of a magistrate judge, the district court denied Mr. Redfearn's petition, concluding he did not overcome the standards set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) for federal relief from state judgments.

Mr. Redfearn now seeks a COA to press those two issues before this court.

## DISCUSSION

To appeal the denial of his § 2254 petition, Mr. Redfearn must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our consideration of a COA request incorporates AEDPA's "deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

2

comprehended in existing law beyond any possibility for fairminded disagreement."
*Harrington v. Richter*, 562 U.S. 86, 103 (2011).

We first consider Mr. Redfearn's argument under the Confrontation Clause. Under *Crawford v. Washington*, 541 U.S. 36, 59 (2004), testimonial hearsay, such as the transcript of preliminary hearing testimony entered into evidence in this case, is admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  For a witness to be "unavailable," the state must show that "the prosecutorial authorities have made a good-faith effort to obtain [the witness's] presence at trial."  *Barber v. Page*, 390 U.S. 719, 725 (1968).

The OCCA concluded the state presented "detailed evidence" that was "more than adequate to support the trial court's findings regarding the victim's unavailability and the [s]tate's due diligence."  Aplt. App. vol. 1 at 114.  To wit, the state presented the testimony of the director of its victim witness center and an investigator for the district attorney's office regarding their efforts to secure T.A.'s appearance at trial.  The witnesses testified they had traveled to the location T.A. normally stays but were unable to find her on the day of trial.  The witnesses also testified that T.A. "had never been definitive about testifying at trial."  *Id.* at 147.

Mr. Redfearn argues the evidence established that "T.A. was absent by her own choice," Aplt. Second Am. Combined Opening Br. and Appl. for COA at 7 (internal quotation marks omitted), and that the OCCA's conclusion that she was unavailable was contrary to clearly established Supreme Court law.  But "when a witness disappears before trial, it is always possible to think of additional steps that the prosecution might

3

have taken to secure the witness' presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising." *Hardy v. Cross*, 565 U.S. 65, 71–72 (2011) (citation omitted). Mr. Redfearn does not identify any specific steps the prosecution should have but failed to take to secure T.A.'s in-person trial testimony. Even if he did, AEDPA "does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Id.* at 72. No reasonable juror could debate the district court's conclusion that AEDPA does not entitle Mr. Redfearn to relief on this issue.

Mr. Redfearn also seeks a COA to challenge the sufficiency of the evidence supporting his conviction. When reviewing for evidentiary sufficiency, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The OCCA concluded "[t]he circumstantial evidence supporting the charge of rape against [Mr.] Redfearn was extremely strong." Aplt. App. vol. 1 at 123. This evidence included DNA evidence, testimony from the investigating detectives, and recordings of incriminating statements Mr. Redfearn made in phone calls from jail. Mr. Redfearn does not articulate any specific deficiency in the state's case, nor does he provide any basis to conclude the OCCA's decision was contrary to clearly established Supreme Court law. So, no reasonable jurist could debate the district court's denial of habeas relief on this issue.

4

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court


Joel M. Carson III
Circuit Judge